UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAVONE BASS, | § | |
|    *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-2740 |
| | § | |
| MONTGOMERY COUNTY SHERIFF'S | § | |
| DEPARTMENT, *et al.*, | § | |
|    *Defendants*. | § | |

## **MEMORANDUM, RECOMMENDATION, AND ORDER**

Defendants Montgomery County Sheriff's Department, Montgomery County, and Officer W.B. Rogers have filed a motion to dismiss Shavone Bass's section 1983 and state law tort claims under Federal Rule of Civil Procedure 12(b)(6).[1] *See* Dkt. 3. They alternatively move for a more definite statement of Bass's claims against Rogers to address his assertion of qualified immunity, as well as an abatement of discovery against Rogers pending resolution of the qualified immunity defense.

### **Background**

On August 8, 2004, Bass was stopped and ticketed by Rogers, a police officer with the Montgomery County Sheriff's Department. She charges he used excessive force "by forcing her into and across the back of her car as he handcuffed her" and that "[h]e then proceeded to forcefully place her into his patrol [car] and took her to jail." Dkt. 1. Precisely one year later, on August 8, 2005, Bass filed a complaint seeking damages under 42 U.S.C. § 1983, and asserting state law tort claims for false arrest, false imprisonment, and slander/defamation.

---

[1] This case has been referred to this magistrate judge for pretrial matters by United States District Judge Lynn Hughes (Dkt. 5).

**Analysis**

Bass has filed no response to these motions, which was due by September 13, 2005. *See* S.D. Tex. Loc. R. 7.4 ("Failure to respond will be taken as a representation of no opposition"). Despite the lack of record opposition, defendants are not entitled to all the relief they seek.

**1. Claims Against Montgomery County and the Montgomery County Sheriff's Department**

The Montgomery County Sheriff's Department asserts that it should be dismissed because it is not a legal entity capable of being sued. This is an accurate assessment of the law. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) ("In Texas, county sheriff's and police departments generally are not legal entities capable of being sued"). Thus, the claims against the Montgomery County Sheriff's Department warrant dismissal.

The intentional tort claims against defendant Montgomery County should likewise be dismissed. The Texas Tort Claims Act expressly preserves sovereign immunity for claims "arising out of assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (Vernon 2005). Montgomery County's sovereign immunity defeats Bass's claims of false arrest, false imprisonment, or slander/defamation.

Montgomery County also requests a declaration of immunity from punitive and/or exemplary damages under both section 1983 and the Texas Tort Claims Act. There is little doubt that the county is in fact immune from such damages. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("a municipality is immune from punitive damages under 42 U.S.C. § 1983"); TEX.

CIV. PRAC. & REM. CODE ANN. § 101.024 (Vernon 2005) ("This chapter does not authorize exemplary damages").

Less compelling is Montgomery County's argument that Bass does not sufficiently state a section 1983 claim against it. The county contends Bass has not adequately alleged an official custom or policy that caused her injuries, and she has not clearly identified the lack of training that resulted in violations of her constitutional rights. However, a factually specific and detailed complaint, or "heightened pleading standard," is no longer necessary for section 1983 complaints against municipalities. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). Bass's complaint need only satisfy the general notice pleading standards of Federal Rule of Civil Procedure 8(a) to state a section 1983 claim against Montgomery County. And Rule 8(a) merely requires a plaintiff's complaint to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). Bass's complaint meets this threshold: it informs Montgomery County that Bass seeks damages under 42 U.S.C. § 1983 for the purported excessive use of force, in violation of her Fourth Amendment rights, by one of its deputies when he arrested her on August 8, 2004. This portion of the motion to dismiss should therefore be denied.

**2.      Claims Against W.B. Rogers**

Bass seeks to hold Rogers liable for damages under 42 U.S.C. § 1983 for using excessive force in arresting her. To prevail on a section 1983 excessive force claim, a plaintiff must show: (1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3)

the excessiveness of which was clearly unreasonable. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005); *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).

As a defense to Bass's section 1983 claims, Rogers invokes the doctrine of qualified immunity. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Under this doctrine, public officials sued in their individual capacities under section 1983 are shielded from suit unless their conduct violated clearly established statutory or constitutional rights of which a reasonable person should have known. *See Anderson v. Creighton*, 483 U.S. 635, 638 (1987); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

Although a plaintiff need not anticipate a claim of qualified immunity in her original pleading, when a public official invokes this defense, the court may well insist on additional pleading in response. *See Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (*en banc*); *see also Morin*, 77 F.3d at 121. The mechanism for this additional pleading is a Rule 7(a) reply, which "must be tailored to the assertion of qualified immunity and fairly engage its allegations," *Schultea*, 47 F.3d at 1433, and must state "specific conduct and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

A Rule 7(a) reply must include detailed facts defeating the plea of immunity. *See Warnock v. Pecos County*, 116 F.3d 776, 779 (5th Cir. 1997). If Bass fails to satisfy this burden, Rogers will not be obligated to defend against her section 1983 action. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). The facts that Bass must allege with particularity to overcome the defense of qualified immunity are: (1) Rogers violated a clearly established constitutional right; and (2) his conduct was objectively unreasonable at the time. *See Sanchez v. Swyden*, 139 F.3d 464, 467

(5th Cir. 1998); *Morin*, 77 F.3d at 120. It is arguable whether Bass has done the first of these in her complaint. It is clear that Bass has not yet satisfied the second. The right to be secure "against unreasonable ... seizures" is a clearly established constitutional right. *See* U.S. CONST. amend. IV; *see also Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985) (the Fourth Amendment limits the level of force that may be used to seize a person to that which is reasonable). To state a Fourth Amendment excessive force claim, however, Bass must allege, among other things, that she suffered a more than *de minimis* injury. *See Tarver*, 410 F.3d at 752. In her complaint, Bass states she suffered an injury, but no detail is offered as to the type of injury, or its extent.

How much force an officer may reasonably use in arresting someone is a fact-intensive question involving the severity of the suspected crime, whether the suspect posed an immediate threat to the officer or others, and whether there was active resistance or evasion of the arrest. *See Tarver*, 410 F.3d at 753. In her complaint Bass touches upon some relevant factors, but only cursorily. Even accepting the truth of Bass's account, there are insufficient details and context to gauge Rogers's conduct and find them objectively unreasonable, nor is there adequate specificity to allow resolution of the qualified immunity defense. Accordingly, if Bass wishes to pursue her claim against Rogers, she is ordered to submit a Rule 7(a) reply particularly describing the facts preventing him from maintaining qualified immunity as a public official. *See Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (*en banc*). A ruling on Rogers's assertion of official immunity against Bass's state law claims is also better reserved until after a Rule 7(a) reply is submitted.

For similar reasons, the defendants' motion to abate Rogers's discovery obligations will also be granted. A principal purpose of qualified immunity is to shield governmental employees not only

5

from liability, but also from defending against a lawsuit.  *See Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 620 (5th Cir. 1992).  Because a favorable ruling on the qualified immunity issue could relieve Rogers from the burdens of this suit, Rogers will not be obligated to respond to discovery requests or otherwise defend against Bass's claims until the threshold question of qualified immunity is resolved.[2]  *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991).

Rogers also seeks dismissal of Bass's claim of slander, contending the one year statute of limitations for bringing this action expired.  Rogers argues that Bass did not file her complaint until August 15, 2005, more than a year after the events of August 8, 2004.  This charge of tardiness is unfounded because the complaint was actually filed on August 8, 2005, and therefore the limitations period had not expired at the time of filing.

## Conclusion

In summary, the court recommends the defendants' motion to dismiss be granted in part and denied in part.  In particular, (1) the claims against the Montgomery County Sheriff's Department should be dismissed because it is not an entity capable of being sued; (2) the intentional tort claims against Montgomery County should be dismissed because it is immune from liability for such causes of action; and (3) the rest of the motion should be denied.

---

[2] Under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and *Mitchell v. Forsyth*, 472 U.S. 511 (1985), government officials have the right to have their qualified immunity defense decided prior to the commencement of the discovery process; thus, only limited discovery relating to qualified immunity itself should be allowed before the immunity determination is made.  *Harlow* and *Mitchell*, however, involved only qualified immunity for alleged violations of federal rights.  Neither case addressed whether discovery should be allowed to proceed on claims not implicating the qualified immunity defense, such as state law claims.  *See Carsello v. Clowser*, 1986 WL 184, at *1 (D. Del. 1986).  It is unclear whether discovery should be allowed to proceed on claims not implicating the qualified immunity defense.  *Compare Heine v. Rice*, 2001 WL 649109, at *1 (M.D. Fla. 2001) *with Carsello*, 1986 WL 184, at *1.  Rather than attempting to resolve this issue of law, this court will instead rely upon authority conferred by Federal Rule of Civil Procedure 26 to place limits on the discovery process, and will order that all discovery against Rogers, including that relating to Bass's state law claims, be abated until Rogers's qualified immunity claim is ruled upon.

The court orders that the defendants' alternative motion for a more definite statement and abatement of discovery is granted. Bass shall file by December 15, 2005, an amended complaint alleging sufficient facts to overcome the defense of qualified immunity asserted by W.B. Rogers. Rogers is relieved of participating in discovery until his assertion of qualified immunity is ruled upon.

The parties have ten days to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* FED. R. CIV. P. 72.

Signed on November 18, 2005, at Houston, Texas.

                                                                                             Stephen Wm Smith
                                                                                    United States Magistrate Judge